(32 Misc. Rep. 41.)

### In re STUMPP et al.

(Queens County Court. June, 1900.)

1. MUNICIPAL COURTS—JUDGMENT—TRANSCRIPT—EXECUTION.

Greater New York Charter, § 1369, provides that all provisions of law relating to judgments, transcripts, docketing, executions, etc., in force December 31, 1897, shall govern the same in municipal court. Code Civ. Proc. § 3220, declared that a judgment docketed by the clerk of the county of New York on a transcript of a judgment of a district court of the city and county of New York should be deemed a judgment of the supreme court, and that an execution thereon should issue out of the supreme court. A judgment rendered against defendant in the municipal court of the city of New York was docketed with the clerk of the county of New York. A transcript of the judgment thus docketed was filed, and judgment docketed thereon, in Queens county. *Held*, that the judgment thus docketed in Queens ·county would still be deemed a judgment of the supreme court, and that execution should issue therefrom.

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.

Where a transcript of a judgment rendered by the municipal court of New York City was filed and judgment docketed with the clerk of New York county, and a transcript of the latter judgment was filed and judgment docketed with the clerk of Queens county, an objection that the affidavit on which an order for examination in supplementary proceedings was granted does not show whether the transcript filed in Queens county was a transcript of the judgment docketed in New York county or rendered in the municipal court is untenable, since the judgment could not be duly docketed by the clerk of Queens county on a transcript other than of the judgment docketed in New York county.

Appeal from municipal court of New York.

Supplementary proceeding on the application of Oscar G. Stumpp and others to examine Fritz Starke, a judgment debtor. Objections of debtor overruled.

A transcript of the judgment obtained by plaintiffs in the municipal court of New York City was filed with the clerk of New York county, and judgment docketed thereon. A transcript of the judgment thus docketed was later filed in Queens county, and judgment docketed there. Thereafter an execution issued by the clerk of Queens county out of the supreme court was returned unsatisfied, and an order was made for defendant's examination in supplementary proceedings. He moved to vacate the order, alleging that execution should have issued out of the county court of Queens county, and not out of the supreme court, and that the affidavit on which the order for examination was granted merely averred that a certified transcript was filed and judgment docketed thereon in Queens county, and did not show whether it was a transcript of the judgment docketed in New York county or rendered by the municipal court.

James J. Conway, for judgment debtor.
Wilbur & Hart, for judgment creditors.

MOORE, J. When the constitution of 1894 became operative, a judgment docketed by the county clerk of New York county on a

transcript of a judgment rendered by a district court in the city and county of New York was deemed a judgment of the court of common pleas for the city and county of New York, and an execution thereon issued out of that court. Consol. Act, § 1392, c. 410, Laws 1882; Code Civ. Proc. §§ 3017, 3220. In the other counties of the state a judgment docketed by the county clerk of a county on a transcript of a judgment rendered by a court held by a justice of the peace was deemed a judgment of the county court of the county in which the justice resided, and an execution thereon issued out of that court. Code Civ. Proc. § 3017. The state constitution of 1894 abolished, from and after the 31st day of December, 1894, the court of common pleas for the city and county of New York, and transferred all actions and proceedings then pending therein to the supreme court for hearing and determination. It vested the jurisdiction then exercised by that court in the supreme court. The reorganization of the courts of record of the state necessitated many amendments to the Codes, and the Code of Civil Procedure was generally amended in 1895 to meet the requirements of the constitution. Among other amendments made was that of section 3220 of the Code of Civil Procedure, so as to provide that a judgment docketed by the clerk of the county of New York on a transcript of a judgment of a district court of the city and county of New York should thereafter be deemed a judgment of the supreme court, and so that an execution thereon should issue out of the supreme court. Chapter 946, Laws 1895; Code Civ. Proc. § 3220. Prior to the 1st day of January, 1898, a judgment docketed by the clerk of the county of New York on a transcript of a judgment rendered by a district court in the city and county of New York was deemed a judgment of the supreme court, and a judgment docketed by the county clerk of the county of Queens on a transcript of a judgment rendered by a justice of the peace in his county was deemed a judgment of the county court of that county. Code Civ. Proc. 1897, §§ 3017, 3220. The Greater New York charter (chapter 378, Laws 1897) became operative on the 1st day of January, 1898. Section 1369 of that act provides that:

"In so far as the same are consistent with this act, all provisions of law relating to procedure and organization * * * judgments, transcripts, docketing, executions * * * and all matters incidental to the same, the powers and duties of the justices and clerks and other employés in district courts in the city of New York, which shall be in force on the thirty-first day of December, eighteen hundred and ninety-seven, shall apply to and control and govern the same in said municipal court, and the branches thereof in each district."

Article 2, tit. 4, c. 20, Code Civ. Proc., is entitled "Provisions exclusively applicable to the district courts of the city of New York," and was in force on the 31st day of December, 1897. This title contains provisions of law relating to judgments of district courts in the city of New York, transcripts of such judgments, docketing of judgments thereon, and the issuing of executions on such judgments. These provisions related exclusively to judgments rendered in the district courts of the city of New York. Section 3220 is found in this article, and, by its terms, draws sections 3017 to 3022, both inclusive, under this title, making these sections, as modified by the provisions of such

article, also applicable to district courts of the city of New York; so that, by force of section 1369 of the Greater New York charter, sections 3017 and 3022 of the Code of Civil Procedure, as modified by section 3220 of said Code, apply to and control and govern the issuing of transcripts upon judgments rendered by the municipal court of the city of New York, as constituted by the Greater New York charter, the filing of such transcripts, the docketing of judgments thereon, and the issuing of executions on the judgments so docketed. It is clear that a judgment docketed by the clerk of any county within the city of New York on a transcript of a judgment rendered by the municipal court in any district in his county is deemed a judgment of the supreme court, and the execution thereon issues out of the supreme court by the county clerk.

My attention has not been directed to, nor do I know of, any law authorizing the clerk of any county within the city of New York to file and docket a judgment on a transcript of a judgment rendered by the municipal court of the city of New York in any district not embraced within his county. If it becomes desirable to docket a judgment of such municipal court in a county other than that in which the judicial district in which said judgment was rendered is located, a transcript of the municipal court judgment must be filed, and a judgment docketed thereon, in the county embracing the district in which the judgment was rendered. A transcript of the judgment so docketed by such clerk, deemed a judgment of the supreme court, may then be taken and filed, and a judgment thereon docketed, in another county. The judgment thus docketed will still be deemed a judgment of the supreme court. This latter judgment has the like effect, with respect to the enforcement thereof, or any proceedings thereunder or by virtue thereof, in the county where it is so docketed, as if it were rendered by the municipal court within that county, and docketed upon filing its transcript. Code Civ. Proc. §§ 3022, 3220. The affidavit on which this order was granted avers that a certified transcript was filed and the judgment duly docketed thereon by the clerk of Queens county. The judgment could not be duly docketed by the clerk of Queens county on a transcript other than of the judgment docketed in the New York county clerk's office. The objections of the debtor are overruled, and the examination will proceed.

Ordered accordingly.